

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS

Gerald C. Mann
ATTORNEY GENERAL
ATTORNEY GENERAL

Honorable Albert J. Hutson, Jr.
County Attorney
Trinity County
Groveton, Texas

Opinion No. O-1696

Dear Sir:     Re:  Judgment lien -- redemption in
                   part by a junior lienee.

        This will acknowledge receipt of your letter of
November 10, 1939, submitting for a legal opinion the
following case:

        "In Trinity County a number of tax judgments
        have been taken on property wherein the Federal
        Land Bank is involved as a lien holder.  In quite
        a few cases the Bank holds a lien on only part
        of the property involved in the judgment.  The
        Bank desires to pay the delinquent taxes covered
        in the judgment on that portion of the entire tract
        covered by its lien, and secure a release from the
        judgment on that portion it clears of taxes.  May
        the Tax Collector accept payment of this lien holder
        of the taxes due on that part of the whole covered
        by its lien, leaving the balance unpaid?  In other
        words, if a judgment was secured covering 100-acres,
        and the Federal Land Bank has a lien on only 50-
        acres of the 100-acre tract, may the Bank pay on
        the 50-acres and secure a release from the judg-
        ment, leaving the balance of the judgment unpaid?
        And may the Bank be subrogated in so far as its
        payment of the taxes is concerned?

        We assume from your letter that the Federal Land
Bank, as junior lienee, claims and has a lien upon a part
of a tract or tracts of land rendered by the owner in
solido.  In such a case the right of redemption in part
and release of the land pro tanto, does not exist, as is
the case where the rendition by the owner has been of
separate tracts of land, and the junior claimant claims

one or more of the separately rendered properties. In the latter case the right of partial payment - complete payment as to the particular land involved - does entitle the junior lienee or claimant to a release - satisfaction as to his land.

This has been ruled by this department in opinion No. O-928, wherein the language of the Supreme Court in the case of State Mortgage Corp. v. Ludwig et al, 48 S.W.(2d) 950, is quoted as follows:

"The Supreme Court most properly held in Richey v. Moor, 112 Tex. 493, 249 S.W. 172, that the owner or his assign, who had separately rendered and valued eight parcels of land for taxation, was entitled to compel the tax collector to accept, and issue a receipt for, the taxes on any one parcel, since the lien attached, under the present Constitution and laws, against each lot separately valued and assessed, for the amount of taxes on that lot alone. The court has never held that the same rule applied where the owner elected to treat two parcels as one for taxation purposes."

This, we are sure, will answer your inquiries in a satisfactory manner, but in the event our assumption with respect to the facts is in error, please kindly advise us for further opinion.

Very truly yours

ATTORNEY GENERAL OF TEXAS

OS:MR/
AMM
APPROVED DEC. 13,1939
s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

By (Signed) OCIE SPEER
Assistant

APPROVED, Opinion Committee
By B.W.B. Chairman